UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LARRY D. GRAVES,<br> Appellant,<br><br>v.<br><br>BGSA, LLC and<br>CBBC OF BLOUNT COUNTY,<br> Appellees. | )<br>)<br>)<br>) No. 3:06-CV-147<br>) (Phillips)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Debtor Larry Graves appeals the dismissal of his complaint in the bankruptcy court. The United States Bankruptcy Court for the Eastern District of Tennessee found that Graves' claims were barred by res judicata and/or collateral estoppel. For the following reasons, the court affirms the bankruptcy court's dismissal of Graves' complaint.

## I. ISSUES ON APPEAL

Graves raises two issues on appeal. First, whether the bankruptcy court erred in dismissing his complaint on the grounds that his cause of action was barred by *res judicata* or collateral estoppel. Second, whether the bankruptcy court erred in dismissing the complaint on the grounds that the bankruptcy court lacked subject matter jurisdiction over the issues.

## II. JURISDICTION AND STANDARD OF REVIEW

The basis of appellate jurisdiction in this court is 28 U.S.C. §§158(a)(1) and (a)(2), and Bankruptcy Rule 8001 *et seq.*

Dismissal of a bankruptcy case is reviewed for abuse of discretion. *Booker Enters. v. Eastown Auto Co. (In re Eastown Auto Co.),* 215 B.R. 960, 963 (B.A.P. 6th Cir. 1998). A bankruptcy court abuses its discretion when "it relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Id.* A bankruptcy court's findings supporting dismissal of a bankruptcy case are factual determinations. *Id.* Findings of fact are reviewed under the clearly erroneous standard. Fed.R.Bankr.P. 8013. A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985); *United States v. United States Gypsum Co.,* 333 U.S. 364 (1948).

Conclusions of law are reviewed *de novo*. *Nicholson v. Isaacman (In Re Isaacman),* 26 F.3d 629 (6th Cir. 1994). *De novo* means deciding the issue as if it had not been heard before. *In re Downs,* 103 F.3d 472 (6th Cir. 1996). No deference is given to the bankruptcy court's conclusions of law. *Razavi v. Commissioner,* 74 F.3d 125 (6th Cir. 1996).

## III. FACTS

Appellant Larry Graves filed his initial voluntary bankruptcy petition under Chapter 11 on March 9, 2005. The ownership of 100,000 shares of IdleAire Technologies, Inc., stock was at issue in the original case. BGSA, LLC, claimed a security interest in the stock and filed a motion to lift the automatic stay in order to foreclose on its interest. The motion was withdrawn when BGSA learned that Citizens Bank of Blount County (CBBC) had in its possession a stock assignment indicating that Graves had transferred the stock to CBBC. The original Chapter 11 case was dismissed by the bankruptcy court on June 1, 2005, upon Graves' inability to propose a confirmable plan of reorganization.

Graves filed a second voluntary petition in bankruptcy under Chapter 11 of the Bankruptcy Code on June 30, 2005. On July 19, 2005, BGSA filed a motion to lift the automatic stay in regards to the IdleAire stock claimed to be owned by Graves. In a memorandum opinion entered by the bankruptcy court on October 25, 2005, the court ruled that the 100,000 shares of IdleAire stock were sold, assigned, and transferred to CBBS by Graves on November 26, 2002, by virtue of a stock assignment. The bankruptcy court ruled that the shares of IdleAire stock were never property of the bankruptcy estate of Graves. The motion to lift the automatic stay filed by BGSA was thus denied as moot. BGSA subsequently noticed a public sale of the IdleAire stock to foreclose on its security interest in the stock. Graves filed his complaint as an adversary proceeding in the bankruptcy court. His complaint asked the court (1) to issue an injunction enjoining BGSA from transferring the IdleAire stock at a public sale scheduled for December 16, 2005, and

enjoining CBBC from transferring the IdleAire stock at any time; (2) to reform the document between Graves and CBBC transferring the IdleAire stock into an assignment or transfer for security purposes only; (3) to determine that the IdleAire stock was property of the estate; and (4) to determine that BGSA had an unsecured claim and that its security interest did not attach since it was not perfected while Graves owned the IdleAire stock.

The facts as alleged by Graves in his complaint are that on November 26, 2002, he executed the document titled "Stock Assignment Separate From Certificate," which the bankruptcy court held transferred Graves' interest in the IdleAire stock to CBBC, leaving the bankruptcy estate without any interest in the stock. Graves asserted that additional documents, promissory notes, and security agreement were also executed at the same time as the Stock Assignment. Graves alleged that the documents never indicate that CBBC will be the owner of the stock pending the payoff of the promissory notes. Graves went on to allege that all the other documents of CBBC contradict such a transfer and indicate the true intent of the parties was that the stock would be solely for security rather than for CBBC to own the stock. In his complaint, Graves sought reformation of the instruments between the parties based upon mutual mistake and requested a declaration that he is the true owner of the IdleAire stock. In the alternative, Graves requested the bankruptcy court to determine that the Stock Assignment was ineffective to actually transfer the shares or that the subsequent failure of CBBC to actually take the shares and transfer them on the records of IdleAire left the shares as property of the bankruptcy estate.

BGSA sought dismissal of Graves' complaint pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction and pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief could be granted.  In the alternative, BGSA sought dismissal of the complaint by summary judgment pursuant to FRCP 56.  That motion was based on the principles of res judicata and collateral estoppel arising out of the October 25, 2005 decision of the bankruptcy court in the underlying bankruptcy case.  The bankruptcy court dismissed the complaint pursuant to FRCP 12(b)(1) finding that the court did not have subject matter jurisdiction over the causes of action asserted by Graves in his complaint.  On February 14, 2006, Graves filed the instant appeal.

## IV.  ANALYSIS

The bankruptcy court did not err in finding that the claims asserted by Graves in this action are barred by the doctrines of res judicata and collateral estoppel.  Under the doctrine of res judicata, a final judgment on the merits is an absolute bar to a subsequent lawsuit between the same parties or their privies based upon the same claims or causes of action.  *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995); *Hayes v. City of Memphis,* 108 Fed.Appx. 262, 264 (6th Cir. 2004).  Res judicata precludes relitigation of claims that were actually litigated as well as claims that could have been litigated.  *Id.*  Res judicata, which "promotes the finality of judgments," *Sanders Confectionery Prods. Inc., v. Heller Fin. Inc.,* 973 F.2d 474, 480 (6th Cir. 1992), extinguishes "all rights of the plaintiff to remedies against the defendant will respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *J.Z.G. Res. Inc., v. Shelby Ins.*

*Co.,* 84 F.3d 211, 215 (6th Cir. 1996). The doctrine of res judicata has the following four elements:

1. A final decision on the merits in the first action by a court of competent jurisdiction;

2. The second action involves the same parties, or their privies, as the first;

3. The second action raises an issue actually litigated or which should have been litigated in the first action; and

4. An identity of the causes of action.

*Begala v. PNC Bank, Ohio Nat'l Assoc.,* 214 F.3d 776, 779 (6th Cir. 2000); *Bittinger v. Tecumseh Products Co.,* 123 F.3d 877, 880 (6th Cir. 1997). The doctrine of res judicata applies in the bankruptcy context. *See e.g., In re Davis,* 160 Bankr. 577, 579 (Bankr. E.D.Tenn. 1993); *In re Chattanooga Wholesale Antiques, Inc.,* 930 F.2d 458, 463 (6th Cir. 1991).

The first element of the doctrine of res judicata is satisfied – the ruling on the motion to lift the automatic stay by the bankruptcy court on October 25, 2005, is a final judgment on the merits by a court of competent jurisdiction. Graves asserts that res judicata could not bar the cause of action asserted in his complaint because CBBC was not a party to the adversary proceeding in the underlying bankruptcy case. However, the bankruptcy court ruled that although CBBC did not actively participate in the trial which took place on October 3, 2005, it was nevertheless "a party to the action by virtue of its status as a creditor of [Graves] in this Chapter 11 reorganization and by virtue of its interest in the stock assignment." *See Sanders Confectionery Prods. Inc.,* 973 F.2d at 480-81 (holding

that a debtor's creditors "must ... be considered parties for res judicata purposes.").  The bankruptcy court further stated that CBBC was aware of the controversy surrounding the IdleAire stock and the stock assignment because it was one of the twenty largest unsecured creditors as well as the holder and assumed first lienholder of the stock.  The court does not find the bankruptcy court's factual findings to be clearly erroneous, so the second element of res judicata has been satisfied.

The bankruptcy court also correctly found that the third element of res judicata was satisfied.  The October 2005 opinion of the bankruptcy court specifically addressed the issues relating to the effect of the stock assignment as well as the effect of the other loan documents that were attached to CBBC's proofs of claim.  Those are the identical issues that Graves seeks to relitigate in the instant matter.  The bankruptcy court specifically addressed the documents that were attached to CBBC's proofs of claim and held that the stock assignment coupled with CBBC's actual possession of the stock, evidenced that Graves no longer owned the IdleAire stock.

Last, there is an identity of the causes of action between the first case and this adversary proceeding.  This element of res judicata is satisfied if "the claim arose out of the same transaction or series of transactions, or the claims arose out of the same core of operative facts."  *Browning v. Levy,* 283 F.3d 761, 773-74 (6th Cir. 2002).  A reading of the bankruptcy court's October 25, 2005 opinion, and a reading of Graves' complaint shows that the claims in both cases arise out of the same core of operative facts.  The factual

7

allegations of Graves' complaint are virtually identical to the factual allegations that were made by him at the hearing on the motion to lift automatic stay. It is clear to the court, as it was to the bankruptcy court, that the issue relating to the ownership of the IdleAire stock had already been determined. As a result, the bankruptcy court properly found that Graves' complaint is barred by the doctrine of res judicata and properly dismissed the complaint on the basis of lack of subject matter jurisdiction.

The doctrine of collateral estoppel, also known as issue preclusion, is an "extension" of the doctrine of res judicata. *Ohio Cas. Inc. Co. v. Hryhorchuk,* 211 B.R. 647, 652 (Bankr. W.D.Tenn. 1997). Collateral estoppel precludes a party from relitigating an issue that was resolved against that party in an earlier proceeding. *Rybarczyk v. TRW, Inc.,* 235 F.3d 975, 981 (6th Cir. 2000). The Sixth Circuit has adopted a four-part test for determining when collateral estoppel bars relitigation of an issue:

1. The precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;

2. Determination of the issue must have been necessary to the outcome of the prior proceeding;

3. The prior proceeding must have resulted in a final judgment on the merits; and

4. The party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*United States v. Cinemark USA, Inc.,* 235 F.3d 569, 583 (6th Cir. 2003); *Rybarczyk,* 235 F.3d at 981. Accordingly, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a

different cause of action involving a party to the prior litigation." *Montana v. United States,* 440 U.S. 147, 154 (1979).

As found by the bankruptcy court, the precise issue of the ownership of the IdleAire stock was raised and actually litigated in the prior proceeding and the court made a determination that the stock was owned by CBBC and not by Graves. The second element is met because it was necessary to determine whether Graves had any ownership in the stock prior to a determination on the merits of the motion to lift the automatic stay. The prior proceeding resulted in a final judgment on the merits that the stock was owned by CBBC. Finally, it is clear from the record that Graves had a full and fair opportunity to litigate the issue in the hearing conducted on the motion to stay. Thus, the court finds that the bankruptcy court correctly found that collateral estoppel bars Graves from relitigating this same issue.

Because the bankruptcy court correctly found that res judicata and collateral estoppel bar Graves' claims, the court need not reach an analysis of BGSA and CBBC's claims that they are entitled to judgment as a matter of law under FRCP 56.

## V. CONCLUSION

For the reasons stated above, the court finds that the bankruptcy court's decision to dismiss Graves' complaint for lack of subject matter jurisdiction was not clearly

erroneous.  Dismissal of Graves' petition was appropriate.  The order of the bankruptcy court is **AFFIRMED.**

**ENTER:**

                               s/ Thomas W. Phillips
                            United States District Judge